```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

HERVE OLIVIER, JR.,               )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    C.A. No. 24-12402-PBS
                                  )
CHEYENNE VAN DAN BUSH, et al.,    )
                                  )
        Defendants.               )
                                  )
```

**ORDER**

**February 5, 2025**

SARIS, D.J.

In an order dated September 25, 2024, the Court ordered plaintiff Herve Olivier, Jr. to pay the filing fee for commencing this action or seek leave to proceed in forma pauperis within 21 days. (Doc. No. 3). After that deadline passed without a response from Olivier, the Court dismissed the action without prejudice on October 28, 2024. (Doc. No. 5).

On October 31, 2024, the Court received an in forma pauperis motion from Olivier, although it did not include a prison account statement. (Doc. No. 8). On November 19, 2024, Court received a motion to reopen the case in which Olivier explained that he had not timely received the order regarding the filing fee. (Doc. No. 9).

The Court DENIES both motions because, even if the filing fee was resolved, it would be futile to reopen this case. In

his complaint, Olivier attacks the validity of his conviction on numerous grounds, including that the Commonwealth and the police brainwashed the victim, the victim lied to him about her age, the victim was incompetent, there was a lack of certain types of evidence (i.e., DNA, polygraph test, rape kit), he was convicted based on hearsay, and that his counsel was ineffective.  He seeks release, expungement of his criminal record, a recognition that he is "not guilty of fabricated charges," and "a witch hunt[er]' that's 100% trust worthy and not part of the government nor commonwealth," and damages."  Compl. at 23 (alteration in original).

Olivier cannot obtain release or reversal of his criminal conviction through a non-habeas civil case.  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  That Olivier's habeas petition in this Court was denied as untimely does not change this rule.  See Olivier v. Dep't of Corr., C.A. 23-12582-RGS, (Doc. No. 51) (D. Mass. Sept. 3, 2024), appeal dismissed as untimely, No. 24-2070 (1st Cir. Jan. 8, 2025).

Further, compensation for an allegedly unconstitutional conviction or imprisonment is only available where a plaintiff can prove that the conviction or sentence has been reversed or

2

otherwise terminated in favor of the criminal defendant.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  This so-called "favorable termination" rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  Id. at 487.  Because a judgment in favor of Olivier would imply the invalidity of his conviction, he cannot pursue these claims.

Accordingly, the motions for leave to proceed in forma pauperis (Doc. No. 8) and to reopen this action (Doc. 9) are DENIED.[1]

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this Order precludes Olivier from bringing a separate action that does not implicate the validity of his conviction (e.g., a claim concerning prison conditions).  However, if he pursues such an action, he will be required to pay a $350 statutory filing fee, see 28 U.S.C. § 1914(a), over time, regardless of the outcome of the action, see 28 U.S.C. § 1915(b).  In other words, in a federal district court, a court cannot waive the statutory $350 filing fee for a prisoner, but a court can allow a prisoner to prosecute a claim without paying the entire fee up front.